IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. )
) CASE NO. CR499-133
ERIC BERNARD HICKS, et al., )
)
Defendants. )
)

# O R D E R

Before the Court is Defendant Joe Perry Garrett's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582. (Doc. 739.) For the following reasons, the Court **DENIES** Defendant's Motion.[1]

On June 30, 2008, the Georgia Supreme Court overturned two state convictions used by this Court to determine Defendant's criminal history category. See Garrett v. State, 284 Ga. 31, 663 S.E.2d 153 (2008). Defendant's Motion asks this Court to reduce his sentence based upon the Georgia Supreme Court's decision to overturn these two state convictions. Removing the overturned state convictions and recalculating Defendant's guideline sentence could result in a lower guideline sentence. However, a motion under 18 U.S.C. § 3582 is not the proper

---

[1] After careful consideration, Defendant's Motion to Appoint Counsel (Doc. 740) is **DENIED.**

method for seeking a reduced sentence based on overturned state convictions.

The appropriate means for Defendant to seek a reduction of sentence based upon overturned state convictions is to file a challenge to his sentence under 28 U.S.C. § 2255. Defendant previously filed a § 2255 petition for relief from his conviction and sentence in this matter. (See Doc. 706) (judgment entered on § 2255 petition.) This Court may only entertain a second or successive habeas corpus petition from Defendant after he receives certification from the Eleventh Circuit Court of Appeals. Under Eleventh Circuit Rule 22-3(a), Defendant must file an "Application for Leave to File a Second or Successive Habeas Corpus Petition" with the Eleventh Circuit, using the form provided by the Eleventh Circuit Clerk of Court, before filing a second or successive petition in this Court. As a result, this Court is precluded from ruling on any § 2255 Petition from Defendant until he receives the required certification from the Eleventh Circuit.

In summary, if Defendant wishes this Court to recalculate his sentence due to his overturned state convictions, he must first file an "Application for Leave to File a Second or Successive Habeas Corpus Petition" with

the Eleventh Circuit. After receiving permission from the Eleventh Circuit, Defendant may then submit a § 2255 petition to this Court. Until Defendant follows these procedures, this Court lacks jurisdiction to rule on any § 2255 petition from Defendant.

Accordingly, the Court **DENIES** Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. § 3582.

SO ORDERED this 3RD day of October, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA