IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. 4:99-cr-00133-2
)
Joe Perry Garrett, )
    Defendant. )
)
)

## ORDER

Defendant Garrett has filed a Motion for Resentencing Pursuant to Section 404 of the First Step Act (Doc. 800).

Defendant was convicted by a jury of 21 counts of a redacted, third superseding indictment charging him with various instances of distribution of controlled substances (and conspiring to do such) and use of a communication facility. The statutory penalty as to each of Counts 1, 4 and 5 of that Indictment was *mandatory* life imprisonment due to the quantity of cocaine base associated with each of those counts, and the Government's filing of a 21 U.S.C. § 851 information on the basis of Defendant's three prior felony drug convictions. Defendant was therefore sentenced to a mandatory term of life imprisonment as to each of Counts 1, 4 and 5. A term of life imprisonment was also imposed as to Count 3, although life imprisonment was not mandatory as to that Count.

The First Step Act of 2018 has the effect of lowering Defendant's statutory penalty as to each of Counts 1, 4 and 5 from mandatory life to not less than 10 years nor more than life imprisonment. The Act also lowers Defendant's statutory penalty

as to Count 3 from not less than 10 years nor more than life to not more than 30 years.

Because Defendant remains a career offender and several of his counts of conviction continue to carry a statutory maximum term of life imprisonment, his total offense level remains 37. Coupled with a Criminal History Category VI, that total offense level yields a guideline range of 360 months to life imprisonment. Since Defendant is no longer subject to mandatory life imprisonment, the Court may reduce Defendant's sentence if it decides that a sentence reduction is appropriate.

The Court remembers well the facts of this case, having presided over Defendant's trial. Defendant was a principal participant of the drug conspiracy and distributed significant quantities of cocaine base, including three sales to Joseph "Doobie" Smart, Sr., a confidential source used by the Drug Enforcement Administration during the case investigation. Smart was scheduled to testify before a federal grand jury as to those purchases and his overall knowledge of the conspiracy, but he was shot to death prior to offering such testimony. Defendant's half brother and codefendant, Lamond Garrett, was found guilty by a federal jury of Smart's murder and was sentenced to life imprisonment. Lamond Garrett allegedly told a jailhouse inmate that Defendant was aware of the plan to kill Smart and provided the firearm used to commit the murder.

Defendant's name arose with respect to another murder as well, this one occurring three months prior to Smart's murder. Sheinettra Brown was shot five times in front of a Savannah lounge by codefendant Lacy DeLoach, who worked closely with Defendant in illegal drug distribution. Two witnesses described Defendant as not only being present when Brown was killed, but as the individual who directed DeLoach to kill Brown for stealing Defendant's cocaine. DeLoach was ultimately convicted of this murder by the State of Georgia and sentenced to life imprisonment.

While the evidence as to Defendant's involvement in the above-described murders might not have satisfied a "beyond a reasonable doubt" standard, it certainly gives this Court pause in its consideration of a sentence reduction for Defendant. The Court is also aware that Defendant has incurred at least six disciplinary sanctions while in Bureau of Prisons custody, including possession of a dangerous weapon and possession of a hazardous tool.

On the other side of the coin, however, is the fact that two of Defendant's state criminal convictions were vacated in 2008. Those convictions represented two of the three felony drug convictions on which the 21 U.S.C. § 851 sentencing enhancement filed by the Government was based. Additionally, the two vacated convictions are the very convictions on which Defendant's designation as a career offender is based.

This Court appropriately ruled in 2015 that Defendant was not entitled to habeas relief on the basis of his vacated state sentences because he failed to exercise the requisite diligence in seeking to have them vacated. Nonetheless, had Defendant acted more diligently in that matter, he likely would have completed service of his federal custodial sentence by now.

Assigning fair weight to both the aggravating and mitigating factors associated with Defendant, and fully taking into account the sentencing factors set forth at 18 U.S.C. § 3553(a), the Court **GRANTS** Defendant's motion and reduces his sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B) as specified below.

The Court hereby reduces Defendant's lifetime term of imprisonment as to each of Counts 1, 4, and 5 of the redacted, third superseding indictment, to **426 months** of imprisonment. The sentence of life imposed as to Count 3 of the redacted, third superseding indictment is reduced to **360 months** of imprisonment. The sentences as to all other counts of conviction remain the same as reflected in the Judgment and Commitment Order dated October 25, 2000, and the sentences imposed as to all counts will run concurrently with each other.

Additionally, Defendant's supervised release term as to each of Counts 1, 4 and 5 of the redacted, third superseding indictment is reduced from 10 years to **8 years**. Defendant's supervised release term as to Count 3 is reduced from 8 years to

RE: **Garrett, Joe Perry**
Order on Motion
Page 5

**6 years**. The supervised release terms as to all other counts of conviction remain the same as imposed on October 25, 2000, and all terms of supervised release shall run concurrently with each other.

SO ORDERED this  7TH  day of June, 2019.

_____
WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT