IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. CR499-133 |
| ) | |
| JOE PERRY GARRETT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### O R D E R

Before the Court is Defendant Joe Perry Garrett's Rule 36 Motion to Correct PSR (Doc. 826), which the Government opposes (Doc. 827). After careful consideration, the Defendant's motion (Doc. 826) is **DENIED**.

Defendant moves the Court to correct an alleged clerical error made in his presentence investigation report ("PSI") pursuant to Federal Rule of Criminal Procedure 36. (Id. at 1.) Specifically, Defendant contends that Paragraph 37 of the PSI incorrectly describes a 1993 conviction as "[p]ossession of a controlled substance with intent to distribute" when Defendant pled guilty to the reduced charge of possession of a controlled substance. (Id.) In response, the Government contends Rule 36 does not apply because Defendant did not object to the PSI at sentencing and the error Defendant seeks to correct is substantive rather than merely clerical. (Doc. 827 at 6, 7.) The Court agrees with the Government on both counts.

Rule 36 permits a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record[.]" Fed. R. Crim. P. 36. However, Rule 36 only covers "minor uncontroversial errors" and cannot be utilized "to make a substantive alteration to a criminal sentence." United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004) (quotations omitted). Additionally, "[f]acts contained in a PSR 'are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity.' " United States v. Moore, 774 F. App'x 619, 619 (11th Cir. 2019) (per curiam) (quoting United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009)). If a defendant fails to object to facts included in the PSI at sentencing, he or she waives the right to later argue that the PSI contained an error. Moore, 774 F. App'x at 619.

As the Government highlights, Defendant has not demonstrated that he objected to Paragraph 37 of the PSI at sentencing. (Doc. 827 at 6-7.) As a result, Defendant is precluded from arguing that the paragraph contained errors. Moore, 774 F. App'x at 619 ("Here, because [defendant] did not object to paragraph 14 at sentencing, he is precluded from arguing that the paragraph contained any errors.") Even if Defendant had objected to the PSI at sentencing, the error that

he seeks to correct is substantive and not clerical. Id. As Defendant's prior post-conviction motions clearly evidence, Defendant seeks to undermine his career offender status. (See Docs. 739, 771, 800, 810.) Further, the Government's objection indicates that Defendant is not requesting correction of a "minor, uncontroversial error." Moore, 774 F. App'x at 620 (quoting Portillo, 363 F.3d at 1164). Accordingly, Defendant's motion (Doc. 826) is **DENIED**.[1]

SO ORDERED this 4th day of October 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In 2007 state habeas proceedings, the Georgia Supreme Court also characterized Defendant's 1993 conviction as being for "possession of a controlled substance with intent to distribute[.]" Garrett v. State, 284 Ga. 31, 31, 663 S.E.2d 153, 154 (2008). The fact that both the PSI in this case and the Georgia Supreme Court incorrectly described Defendant's conviction indicates that the alleged "error" originated from Defendant's original state court records, rather than being a "clerical error" on the part of the United States Probation Office.