IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR499-133 |
| | ) | |
| JOE PERRY GARRETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is Defendant Joe Perry Garrett's motion for reconsideration (Doc. 854), which the Government has opposed (Doc. 855). For the following reasons, Defendant's motion (Doc. 854) is **DENIED.**

### BACKGROUND

On July 15, 1999, an indictment was filed against Defendant (Doc. 1), and on July 10, 2000, Defendant was again named in a third superseding indictment (Doc. 432). On July 27, 2000, the Government filed a notice pursuant to 21 U.S.C. § 851 of its intention to seek an enhanced sentence based on three of Defendant's prior felony drug convictions. (Doc. 472.)

In August 2000, a jury found Defendant guilty of one count of conspiracy to possess with intent to distribute and to distribute more than 500 grams of cocaine hydrochloride, more than 50 grams of cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); one count of possession with intent

to distribute cocaine hydrochloride and marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 2); three counts of distribution in violation of 21 U.S.C. § 841(a)(1) (Counts 3-5); and sixteen counts of use of a communication facility in violation of 21 U.S.C. § 843(b) (Counts 13-15, 22, 25-30, 32, 34, 35, 37, 38, 40). (Doc. 559.)

According to the Presentence Investigation Report ("PSR"), Defendant's convictions for Counts 1, 4, and 5 carried statutorily required sentences of life imprisonment. (PSR at ¶ 54.) Additionally, as relevant here, the PSR indicated that Defendant qualified as a career offender based on his prior state controlled substances convictions, including the "sale of a controlled substance" and "possession of a controlled substance with intent to distribute." (Id. at ¶¶ 29, 37, 38.)

In October 2000, Defendant was sentenced to life imprisonment as to Counts 1, 3, 4, and 5, although a life sentence was not mandatory for Count 3. (Doc. 600 at 3; PSR at ¶ 55.) Defendant was sentenced to 360 months' imprisonment as to Count 2 and 96 months' imprisonment as to the use of a communication facility counts. (Doc. 600 at 3.) The Court indicated that all terms should run concurrently. (Id.)

Later, Defendant successfully vacated two of the state convictions used by this Court in finding that he qualified as a career offender. (Doc. 739 at 9); Garrett v. State, 284 Ga. 31, 33,

2

663 S.E.2d 153, 155 (2008). The Court denied Defendant's subsequent motion to reduce his sentence pursuant to 18 U.S.C. § 3582 because it was not the proper method for seeking a reduced sentence based on the vacated state convictions. (Doc. 741 at 1-2.)

Defendant was eventually allowed to file another 28 U.S.C. § 2255 motion. (Doc. 771.) Defendant again sought resentencing considering the vacatur of the two state convictions. (Id. at 15-16.) The Court adopted the Magistrate Judge's report and recommendation recommending that the Court deny Defendant's § 2255 motion because he failed to exercise due diligence challenging his two state convictions. (Doc. 778 at 10-11, 13; Doc. 789 at 1, 2.)

On April 8, 2019, Defendant filed a Motion for Resentencing Pursuant to Section 404 of the First Step Act. (Doc. 800.) Therein, Defendant argued the First Step Act applied to his case, which he asserted had the effect of lowering the statutory penalties for several of his convictions. (Id. at 3-5.) Additionally, Defendant argued he was "no longer a career offender" because of the vacatur of his two prior state convictions. (Id. at 6.) Defendant further challenged his career offender status because one of the state convictions was "a pure possession offense," although it was listed "as possession with intent to distribute[.]" (Id. at 7.)

On June 7, 2019, the Court granted Defendant's motion to reduce sentence. (Doc. 809.) As the Court explained,

> [t]he First Step Act of 2018 has the effect of lowering
> Defendant's statutory penalty as to each of Counts 1, 4
> and 5 from mandatory life to not less than 10 years nor
> more than life imprisonment. The Act also lowers
> Defendant's statutory penalty as to Count 3 from not
> less than 10 years nor more than life to not more than
> 30 years.

(Id. at 1-2.) However, because Defendant "remains a career offender and several of his counts of conviction continue to carry a statutory maximum term of life imprisonment," the Court determined his total offense level remained the same. (Id. at 2.) Ultimately, the Court decided it could reduce Defendant's sentence if it decided it was appropriate. (Id.) After recounting the facts of the case, considering that Defendant's state criminal convictions had been vacated, and recognizing he likely would have completed his sentence had he acted more diligently, the Court reduced his "lifetime term of imprisonment as to each of Counts 1, 4, and 5 of the redacted, third superseding indictment, to 426 months of imprisonment" and the sentence of life imposed as to Count 3 to 360 months of imprisonment. (Id. at 2-4 (emphasis omitted).) The Court indicated that the "sentences as to all other counts of conviction remain the same" and that "all counts will run concurrently with each other." (Id. at 4.) The Court also adjusted Defendant's supervised release terms. (Id. at 4-5.)

On June 21, 2019, Defendant filed a Motion to Correct Clear Error, arguing the Court erred in its order reducing his sentence. (Doc. 810 at 2.) Specifically, Defendant asserted the Court

4

incorrectly found him to be a career offender because the PSR
erroneously listed one of his prior state convictions as
"Possession with Intent to Distribute" when Defendant actually was
convicted of "Simple Possession of a Controlled Substance." (Id.)
On April 8, 2020, the Court denied Defendant's motion to correct
clear error. (Doc. 820.) Citing United States v. Hegwood, 934 F.3d
414, 415 (5th Cir. 2019), the Court explained that "the First Step
Act does not allow plenary resentencing[,]" and Defendant's
request to reconsider his status as a career offender would require
the Court essentially to resentence him. (Id. at 2.) Additionally,
the Court explained that it "took into consideration Defendant's
prior state convictions when it reduced Defendant's sentence in
June 2019 pursuant to the First Step Act."[1] (Id.) Now, Defendant
asks the Court to reconsider its order denying his motion to
correct clear error. (Doc. 854.)

According to the Federal Bureau of Prisons' ("BOP") website,
Defendant is currently incarcerated at Federal Correctional
Institution Williamsburg located in Salters, South Carolina, with
a projected release date of December 15, 2030. See BOP Inmate
Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/
(last visited Aug. 22, 2023).

---

[1] The Court has since denied Defendant's motion to correct his PSR
(Doc. 828), which the Eleventh Circuit affirmed, United States v.
Garrett, No. 21-13618, 2022 WL 1701486, at *1 (11th Cir. May 27,
2022).

**ANALYSIS**

I.   <u>TIMELINESS OF DEFENDANT'S MOTION</u>

Defendant argues the Court should reconsider its order in light of an intervening change in controlling law, <u>Concepcion v. United States</u>, --- U.S. ----, 142 S. Ct. 2389, 213 L. Ed. 2d 731 (2022), to correct clear error, and to prevent manifest injustice. (Doc. 854 at 5, 12; Doc. 858 at 6.) In response, the Government argues Defendant's motion is untimely by almost three years because the Eleventh Circuit has determined "the time allotted to file motions for reconsideration is the same as the time to file a notice of appeal for the challenged order" – 14 days. (Doc. 855 at 7 (citing <u>United States v. Sanders</u>, No. 22-11640, 2023 WL 2822129, at *1 (11th Cir. Apr. 7, 2023).) Relevant here, Defendant argues that he "is not aware of any case law or precedent that expressly warrants a limitation period to file a motion for reconsideration **after** the date of an intervening change of law has occurred." (Doc. 858 at 7 (emphasis in original).)

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case . . . ." <u>United States v. Vives</u>, 546 F. App'x 902, 905 (11th Cir. 2013) (per curiam). "Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases." <u>United States v. Bryant</u>, No. CR 497-182, 2020 WL 421186, at *1

6

(S.D. Ga. Jan. 27, 2020) (citing <u>United States v. Phillips</u>, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)).

"In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59." <u>United States v. Saunders</u>, No. CR 609-042, 2022 WL 5200055, at *1 (S.D. Ga. Oct. 5, 2022) (citation omitted). Typically,

> Rule 59(e), which permits a party to move for relief from a judgment, is granted only under limited circumstances. To alter or amend a judgment, the moving party must show either an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.

<u>Whatley v. Upton</u>, No. 3:09-cv-0074-WSD, 2013 WL 12322087, at *2 (N.D. Ga. Oct. 9, 2013) (internal quotation marks omitted) (quoting <u>United States v. Battle</u>, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003)).

"A motion for reconsideration in a criminal case must be filed within the time allotted for filing a notice of appeal . . . . Thus, a criminal defendant must file a motion for reconsideration within 14 days of the order or judgment." <u>Sanders</u>, 2023 WL 2822129, at *1 (internal citations omitted); <u>see also</u> Fed. R. App. P. 4(b).

Defendant filed his motion on April 28, 2023, more than three years after the Court's order denying his motion to correct clear error. (Doc. 820.) Even if a subsequent change in controlling law afforded the Court discretion to an entertain an untimely motion

for reconsideration in some instances, the Court would not exercise it in Defendant's case. See, e.g., Clinton v. Brown & Williamson Holdings, Inc., 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009) ("Justice requires the exercise of this discretion when, for example, there is an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision."); Hittle v. Scripto-Tokai Corp., 166 F. Supp. 2d 159, 161 (M.D. Pa. 2001) (exercising discretion to entertain the plaintiffs' motion for reconsideration "notwithstanding the fact that it was filed some 16 months after [the court's] order" because the change in controlling law was not decided until "well over a year after [the court's] dismissal order, and because the [plaintiffs] did not delay in filing their motion"). The Supreme Court issued its opinion in Concepcion on June 27, 2022. Defendant did not file his motion for reconsideration until April 28, 2023, approximately ten months later. Defendant's explanation that he "did legal research as best as he could" does not sufficiently justify this extended delay to file his motion for reconsideration. (Doc. 858 at 6.) Accordingly, Defendant's motion is **DENIED** as untimely.

II.  THE SUPREME COURT'S DECISION IN UNITED STATES V. CONCEPCION

The Court agrees with the Government that even if Defendant's motion for reconsideration was timely, Concepcion is not a change in controlling law that shows the Court erred in its order denying Defendant's motion to correct clear error. Defendant maintains

that, due to the error in the PSR, he was never a career offender and certainly no longer is a career offender after the vacatur of two of his state convictions. (Doc. 854 at 7-8.) Based on Concepcion, Defendant argues reconsideration is appropriate because the Court failed to consider his argument that he never should have been classified as a career offender and relied on Hegwood to conclude that "the First Step Act does not allow plenary resentencing[.]" (Doc. 854 at 8-9; see also Doc. 858 at 12.)

In response, the Government argues that Concepcion only "applies to the discretion a district court has after it has already determined a defendant is eligible for a sentence reduction under the First Step Act and the Fair Sentencing Act." (Doc. 855 at 9 (citation omitted).) The Government asserts that Concepcion does not, however, authorize courts to "recalculate defendants' guideline ranges based on changes unrelated to those specified in the Fair Sentencing Act." (Id. (citation omitted).)

Defendant's argument in reply is not entirely clear. Defendant argues he "never claimed (as the Government alleges) that Concepcion required the Court to recalculate his guidelines." (Doc. 858 at 8.) However, based on Concepcion, which abrogated Hegwood, Defendant asserts that he is entitled to a "full plenary resentencing" considering the erroneous career offender designation. (Id.) Defendant also raises new arguments for the first time in his reply that he is essentially entitled to a full

9

"resentencing" based on <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and that his sentencing guidelines range must be recalculated because it was not a harmless error.[2] (Doc. 858 at 9-12, 12 ("[T]here is error to corrected because the Court was authorized by the First Step Act to recalculate [Defendant's] Guideline range in light of <u>Booker</u>.").) Defendant further argues for the first time that "the issue of due diligence should have never been taken into consideration" when the Court evaluated his motion for resentencing.[3] (<u>Id.</u> at 10.)

While Defendant is correct that in <u>Concepcion</u> the Supreme Court held "that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act[,]" he misunderstands the application of this holding. 142 S. Ct. at 2404.

> The First Step Act [of 2018] authorizes district courts to reduce the prison sentences of defendants convicted of certain offenses involving crack cocaine. The Act allows a district court to impose a reduced sentence "as if" the revised penalties for crack cocaine enacted in

---

[2] "Arguments raised for the first time in a reply brief are not properly before a reviewing court." <u>Drayton v. United States</u>, Nos. CV615-036, CR612-018, 2016 WL 2646650, at *3 n.7 (S.D. Ga. May 9, 2016) (citations omitted), <u>report & recommendation adopted</u>, Nos. CV615-036, CR612-018, 2016 WL 3101679 (S.D. Ga. June 1, 2016).
[3] In a notice of supplemental authority, Defendant argues <u>United States v. Deruise,</u> No. 22-12983, 2023 WL 3668929 (11th Cir. May 26, 2023), further supports his position. (Doc. 859 at 4.) In <u>Deruise</u>, the Eleventh Circuit held that § 404(c) of the First Step Act only "sets forth a mandatory claim-processing rule[,]" which is not at issue in this motion. 2023 WL 3668929 at *4.

the Fair Sentencing Act of 2010 were in effect at the time the offense was committed.

Id. at 2396. In Concepcion, the Supreme Court addressed "whether a district court adjudicating a motion the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion." Id.

In 2007, Carlos Concepcion pleaded guilty to one count of distributing five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Id. When Concepcion was sentenced, he qualified as a career offender. Id. After Concepcion was sentenced, the Fair Sentencing Act amended the "amount of crack cocaine needed to trigger the 5-to-40-year sentencing range" and the First Step Act "authorized district courts to 'impose a reduced sentence' for qualifying movants 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.' " Id. at 2396-97. Concepcion filed a First Step Act motion, and although the Government opposed the motion, it conceded he was eligible for relief. Id. at 2397. In reply, Concepcion argued the court should reduce his sentence because, as relevant here, "he would no longer be considered a career offender under the amended [Sentencing] Guidelines, because one of his prior convictions had been vacated . . . ." Id.

11

When the district court denied Concepcion's motion, it believed it could only consider changes in the law that the Fair Sentencing Act enacted and "declined to consider that Concepcion would no longer qualify as a career offender on the ground that the First Step Act 'does not authorized such relief.' " Id. at 2397-98. The Court of Appeals affirmed in a divided opinion, adding "to the disagreement among the Circuits as to whether a district court deciding a First Step Act motion must, may, or may not consider intervening changes of law or fact." Id. at 2398.

The Supreme Court concluded

> the language Congress enacted in the First Step Act specifically requires district courts to apply the legal changes in the Fair Sentencing Act when calculating the Guidelines if they chose to modify a sentence. The "as if" clause does not, however, limit the information a district court may use to inform its decision whether and how much to reduce a sentence.

Id. at 2402. Notwithstanding, the Supreme Court specifically clarified that

> [a] district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act. Rather, the First Step Act directs district courts to calculate the Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense. That Guidelines range "anchor[s]" the sentencing proceeding. Peugh v. United States, 569 U.S. 530, 541, 133 S. Ct. 2072, 186 L. Ed. 2d 84 (2013). The district court may then consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark.

Id. at 2402 n.6. In summary, the Supreme Court instructed that "[t]he First Step Act does not require a district court to be persuaded by the nonfrivolous arguments raised by the parties before it," like the fact that a movant would no longer qualify for career offender status, "but it does require the court to consider them." Id. at 2405.

Defendant argues that in Concepcion, the defendant's primary argument was that "he should no longer be considered a career offender because one of his prior convictions had been vacated." (Doc. 854 at 7.) Here, Defendant misinterprets Concepcion's argument and the Supreme Court's holding. After both Concepcion and the Government agreed that he was eligible for relief, Concepcion pointed out that he "would no longer be considered a career offender" in support of his argument that his sentence should be reduced. 142 S. Ct. at 2397. The district court erred in declining to even "consider that Concepcion would no longer qualify as a career offender" when evaluating whether to reduce his sentence. Id. at 2397-98, 2405. The Supreme Court did not, however, hold that the district court erred in refusing to recalculate Concepcion's guidelines range to reflect the fact that he would no longer qualify as a career offender. "Concepcion established that district courts may consider intervening changes in the law when deciding whether and how much to reduce the sentence of a defendant who is eligible for relief under the First Step Act." United States

v. Harper, No. 20-13296, 2023 WL 3166351, at *1 (11th Cir. May 1, 2023) (per curiam). But the Eleventh Circuit has since confirmed that in Concepcion, the Supreme Court "expressly affirmed . . . that a court can't recalculate a defendant's guidelines ranges for non-Fair-Sentencing-Act reasons." United States v. Files, 63 F.4th 920, 930-31 (11th Cir. 2023).

In the order granting Defendant's First Step Act motion, the Court considered that two of the convictions on which Defendant's career offender status designation was based had been vacated. (Doc. 809 at 4-5.) And in the order denying Defendant's motion to correct clear error, the Court acknowledged his argument about the PSR error. (Doc. 820 at 1.) Thus, this is not a case where the Court refused to consider intervening changes of law or fact when deciding whether to exercise its discretion and reduce the sentence of a defendant eligible for relief under the First Step Act. Concepcion and subsequent cases confirm the Court was not allowed to "recalculate [Defendant's] benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." Concepcion, 142 S. Ct. at 2402 n.6. Additionally, the Court did not apply a diligence standard when evaluating his First Step Act motion. When evaluating Defendant's status as a career offender, the Court merely acknowledged that "he likely would have completed service of his federal custodial sentence" had he "acted more diligently" in seeking to vacate his state

sentences when deciding whether to exercise its discretion to reduce his sentence. (Doc. 809 at 3-4.)

## CONCLUSION

For the foregoing reasons, Defendant's motion is **DENIED**. (Doc. 854.)

SO ORDERED this 24th day of August 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15